## PETER HENKEL v. HENRY WELSH.

*Defects in merchandise—Usage—Notice to broker.*

It is enough if the vendor of goods is notified of defects within such time as is not unreasonable under the circumstances.

Evidence is admissible that under mercantile usage the proper storage of herring on receiving it, without immediate examination, does not waive objections to its quality or variance from the order given for it.

Notice of defects in merchandise may properly be given to the agent or broker through whom the sale has been made.

An agency for making a sale is presumed to last till the transaction is completed.

Error to Wayne. Submitted Oct. 9. Decided Oct. 21.

ASSUMPSIT by Welsh, a New York merchant, for the price of thirty half-barrels of herring sold to Henkel, a merchant at Detroit. Henkel gave evidence tending to show that the herring were stowed when received, in a cool cellar where they would. have remained good for months if in good condition when placed there, but that in about a week after they were received, some packages were examined and the fish were found to be soft and unfit for use, of which fact the local merchandise broker who had negotiated the sale and who had been for some time in Welsh's employment, was notified at once., Henkel afterwards notified Welsh by letter. In order to show that defendant had acted in accordance with the usual custom in the receipt of this class of goods, a witness who was first shown to have been a grocer for many years and expert in handling fish, was asked what the rule or custom of merchants was in receiving, say Portland round herring, in half barrels, as to examining them after they were received, to ascertain their condition; whether they examined fish immediately upon the receipt upon the sidewalk; what their custom was about the receipt of fish; how soon after goods of this class are received they should be examined by the purchaser; and how soon after the receipt of such goods, they gave notice to the vendor if the goods were not as represented. These questions were excluded. The jury found for the plaintiff and defendant brought error.

*John H. Bissell* for plaintiff in error. Mercantile usage can be shown if known, certain, uniform, reasonable and not contrary to law, *Bourke v. James*, 4 Mich., 336; Bish. Cont., §§ 568–573; Benj. Sales, §§ 698, 798.

*D. E. Prescott* and *W. L. Carpenter* for defendant in error. Retaining goods without notice after an opportunity for examination, is an acceptance of them, *Pease v. Copp*, 67 Barb., 132; *Stafford v. Pooler*, id., 143; *Hargous v. Stone*, 5 N. Y., 92; *Reed v. Randall*, 29 N.

Y., 358; evidence of usage is inadmissible to control a rule of law, *Hone v. Mut. Ins. Co.*, 1 Sandf., 137; *Strong v. Bliss*, 6 Met., 393.

COOLEY, J. We are not quite satisfied that it was necessary for Henkel to introduce evidence that according to the usage of the business the receipt of the fish and putting them in his cellar was no waiver of objections that might subsequently be found to exist in point of quality or of variance from orders. Indeed a usage that should require a dealer at his peril to open and examine every package before receiving it would be so burdensome and unreasonable that we might well say no one could be bound by it. It would be fixing a condition to a business which would almost preclude its successful management. But the evidence offered on that point was wholly unobjectionable, and should have been received. If the defects were discovered within such time as under all the circumstances was not unreasonable, it is sufficient.

We think the circuit judge erred, also, in declining to charge that notice of the defects given to the agent or broker through whom the sale had been made to the plaintiff was notice to the plaintiff himself. The agency, presumptively at least, continued until the transaction was closed.

The judgment must be reversed with costs and a new trial ordered.

The other Justices concurred.