# SINGER v. CHURCH.

BROKER; AS AGENT; NOTICE TO; EVIDENCE.

1. A broker, with authority to receive and transmit an order for goods, is also the agent of the owner to receive notice from the buyer that the goods were not in accordance with the contract.

2. On cross-examination of a shipper of goods which were sold by a broker but rejected on inspection, a question inquiring when he first received notice of the rejection will not justify the admission on redirect examination of that part of a letter from his broker concerning the rejection which says: "We believe the whole truth of this transaction is that the man has become suddenly embarrassed for money, as we understand that there are other cars on the track shipped to him that have not been unloaded,—" since this sentence has no proper relation to the question of notice, but expresses only an opinion of the agent, and is incompetent and prejudicial.

No. 3123.   Submitted May 7, 1918.   Decided May 27, 1918.

HEARING on appeal from a judgment of the Supreme Court of the District of Columbia, on verdict, in an action on contract.

*Reversed.*

The COURT in the opinion stated the facts as follows:

The plaintiffs, Raymond L. Church and Glen M. Harvey, copartners, doing business under the name and style of R. L. Church & Company, appellees, were engaged in selling and shipping cabbage and other farm produce from Skaneateles, New York, to persons in this city and at other points at the time of the transaction out of which this controversy arose. One Ergood was their broker here.   He sold a carload of "fancy cabbage" to the defendant, Morris Singer, appellant, subject to the confirmation of his principal, which was obtained.   A carload of cabbage from the plaintiffs arrived in Washington in due time.   The defendant had the right of inspection before

accepting it. He exercised this right and rejected the cabbage as not in accordance with the terms of his order. Notice of the rejection was promptly given, he claims, to Ergood, but no notice was sent directly by him to the plaintiffs until it was too late to be effective as a notice of rejection. Plaintiffs sued for the contract price of the cabbage, and secured a verdict and judgment.

The court refused to charge the jury at the request of the defendant that Ergood was plaintiffs' agent for the purpose of receiving notice of rejection, but in effect charged that he was not,—that he was merely a broker, and not an agent of either party.

*Mr. Joseph L. Tepper* and *Mr. Samuel V. Gusack* for the appellant.

*Mr. Martin F. Dillon* and *Mr. George C. Shinn* for the appellees.

Mr. Chief Justice SMYTH delivered the opinion of the Court:

Plaintiffs say that Ergood was their broker in Washington. There is no evidence specifically defining his authority. He quoted prices on plaintiffs' merchandise to defendant, solicited, received, and transmitted his order for the cabbage to the plaintiffs. The plaintiffs used him as a means of negotiating with the defendant and as an instrumentality for the transmission of messages from the defendant to them touching the matter. Since he was undoubtedly the plaintiffs' agent to receive and transmit the order for the goods, we think he was also their agent to receive notice, if any was given, that the goods were not in accordance with the contract which he had made with Singer.

The supreme court of Michigan, speaking through Judge Cooley in *Henkel* v. *Welsh,* 41 Mich. 664, 666, 3 N. W. 171, used this language with respect to a similar case: "We think the circuit judge erred, also, in declining to charge that notice of the defects given to the agent or broker through whom the

sale had been made to the plaintiff was notice to the plaintiff himself. The agency, presumptively at least, continued until the transaction was closed." "A broker is but an agent." *Richardson* v. *Shaw,* 209 U. S. 365, 377, 52 L. ed. 835, 841, 28 Sup. Ct. Rep. 512, 14 Ann. Cas. 981; *Galigher* v. *Jones,* 129 U. S. 193, 198, 32 L. ed. 658, 659, 9 Sup. Ct. Rep. 335. "Although he might represent both parties in making the memorandum of sale, he is to be held as representing, in other matters growing out of the transaction, only the person originally employing him." *Schlesinger* v. *Texas & St. L. R. Co.* 13 Mo. App. 471, 476. "The essential and basic feature underlying the relation of a broker to his employer is that of agency, and the principles of law applicable to principal and agent govern their respective rights and liabilities throughout." 4 R. C. L. p. 247.

We have not been able to find any decision or text which, holds that a broker under circumstances similar to those revealed by the record is not the agent of his employer for the purpose of receiving notice of rejection of the goods sold. Cases cited by the appellees, to the effect that a broker may not alter a contract once confirmed by his principal without the consent of the latter, are not pertinent, for no such question arises in this case.

Defendant on cross-examination asked the witness Church, one of the plaintiffs, whether he had received any notice with respect to the shipment, and he said that Ergood had notified him that Singer had inspected and accepted the cabbage, but was not sure whether the notice was by letter or by wire. On redirect examination plaintiffs offered a letter from Ergood to them. The first sentence stated that after Singer had accepted the cabbage he refused to unload it because the plaintiffs declined to make him an allowance on account of the alleged defects therein, and then followed this sentence: "We believe the whole truth of this transaction is that the man has become suddenly embarrassed for money, as we understand that there are other cars on the track shipped to him that have not been unloaded." We think this sentence had no proper relation to the question of notice, but expressed only an opinion of the

writer, the agent of the plaintiffs, and was incompetent and prejudicial. Indeed there is much doubt in our minds as to whether any part of the letter was admissible. The record on the question is meager, not disclosing the exact language of the interrogatory in cross-examination which it is claimed justified its introduction. If the witness was asked only when he first received notice of the rejection, the sentence should have been excluded.

The judgment is reversed, with costs, and a new trial awarded.                                        *Reversed.*

Mr. Justice ROBB did not sit with the Court in the hearing and determination of this appeal.

A motion for a reargument was denied July 25, 1918.